**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANTHONY ROYAL,

                              Plaintiff,            1:17-CV-1251
   vs.                                                  (GTS/CFH)

DAVID SHULKIN, Secretary of Veterans
Affairs,

                              Defendant.
_____

ANTHONY ROYAL,

                              Plaintiff,            1:17-CV-1252
   vs.                                                    (GLS/CFH)

DAVID SHULKIN, Secretary of Veterans
Affairs,

                              Defendant.
_____

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

## ORDER AND REPORT-RECOMMENDATION

### I. In Forma Pauperis

Plaintiff commenced the two above-captioned actions on November 13, 2017 with the filing of the complaints. Dkt. No. 1 (both dockets). Plaintiff did not pay the Court's filing fees, instead filing motions to proceed in forma pauperis (IFP) in both actions. Dkt. No. 2 (both dockets). Upon review of each IFP application, the undersigned concludes that plaintiff qualifies to proceed IFP.[1]

---

[1] Despite being granted IFP status, plaintiff may still be required to pay any fees he incurs in this matter, such as copying fees or witness fees.

## II.  Consolidation of Cases

"A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) sua sponte."  Devlin v. Transp. Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999) (citing In Re Adams Apple, Inc., 820 F.2d 1484, 1487 (9th Cir. 1987)).  A Court can consolidate cases under Fed. R. Civ. P. 42(a) "'[w]hen actions involving a common question of law or fact are pending before the court.'" Id. (FED. R. CIV. P. 42(a)).

Plaintiff's cases both name David Shulkin, Secretary of Veterans Affairs as the sole defendant.  Both cases involve alleged workplace discrimination.  However, plaintiff alleges discrimination on the basis of race/color and "veteran disability" under Title VII of the Civil Rights Act of 1964, as amended, in 1:17-CV-1251, and Age Discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621-634(b), in 1:17-CV-1252.  See Compl. (both dockets).  Review of the complaints in both cases reveals that, despite filing a separate civil cover sheet in each case – one for violations of Title VII and the other for violations of the ADEA -- the complaints attached in each case are identical.  See Compl. (both dockets).  Additionally, although plaintiff attaches different submissions[2] from the United States Equal Employment Opportunity Commission (EEOC), review of these papers indicate that they are filings from different stages within the same EEOC complaint – both documents bear the

---

[2]  In 1:17-CV-1251, plaintiff submits a Decision from the U.S. EEOC dated December 9, 2016, reversing the Department of Veterans Affairs' decision (the Agency), which dismissed plaintiff's complaint brought pursuant to Title VII and the Rehabilitation Act, as untimely, and remanding to the Agency.  17-CV-1251, Dkt. No. 1, at 14-18.  In 1:17-CV-1252, plaintiff submits a letter from the U.S. Department of Veterans Affairs dated August 9, 2017 which is a "statement in response to the Notice of Appeal, and brief in support thereof, submitted by Anthony Royal ('Appellant')."  17-CV-1252, Dkt. No. 1 at 13-16.

2

same agency case number. Dkt. No. 1 at 13.

Thus, although plaintiff contends that defendant committed age discrimination in violation of the ADEA, in one case, and race and disability discrimination under Title VII, in the other case, these claims are more properly reviewed together. They arise from the same facts and circumstances and appear to also arise from one EEOC complaint. Consolidating these actions will avoid "unnecessary repetition and confusion." Miller v. U.S. Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984). As judicial economy would be served by the consolidation of these two actions, and it would appear that plaintiff would suffer no prejudice as a result of the consolidation – these two actions must be consolidated. Accordingly, the action will be consolidated, with the lead case being 1:17-CV-1251 (GTS/CFH).

### III. Initial Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action. As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v.

3

Gorman, 361 F. App'x 282, 286 (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

### A. ADEA Claim

Although plaintiff indicates that he seeks to bring a claim under the ADEA for termination of employment and retaliation on the basis of age, plaintiff provides no facts or argument to support that he was discriminated against due to his age. See Compl. (1:17-CV-1252). In order to state a prima facie claim for age discrimination in violation of the ADEA, a plaintiff must establish a prima facie case by showing membership in a protected class — "at least 40 years of age," 29 U.S.C. § 631(a), qualified for the position, suffered an adverse employment action, and that there exist circumstances supporting an inference of discrimination. See Stratton v. Department for the Aging for the City of N.Y., 132 F.3d 869, 879 (2d Cir. 1997). Plaintiff provides that he was 56 years of age at the time of the alleged workplace discrimination, which is within the age parameters of the ADEA. 29 U.S.C. § 631(a). However, other than using an ADEA form complaint wherein he checks boxes to indicate that he was terminated and retaliated against due to his age, the remainder of his complaint solely alleges claims of race and disability discrimination. 1:17-CV-1252, Compl. at 2. The body of the complaint makes no mention of age discrimination. Id. at 4-12. The mere fact that plaintiff is within the age parameters of the ADEA is not enough to demonstrate that his claim falls within coverage of that statute. Accordingly, the undersigned recommends that plaintiff's ADEA claim be dismissed, but that the dismissal be without prejudice,

4

providing plaintiff an opportunity to amend his complaint to attempt to demonstrate a prima facie claim of age discrimination under the ADEA.[3]

### B. Title VII Claim

It recommended that plaintiff's claim for race/color discrimination under Title VII proceed.  However, it is further recommended that summonses not be issued until the assigned District Judge reviews the undersigned's Report-Recommendation and Order and determine whether to dismiss plaintiff's ADEA claim without prejudice, and permit the filing of the amended complaint.

### C. Disability Discrimination Claim

Within the Title VII form complaint, plaintiff alleges that he was wrongfully terminated and retaliated against due his disability – a mental health diagnoses of Post Traumatic Stress Disorder and depression.  1:17-CV-1251, Compl. at 2, 7.  However, it is well settled that disability discrimination does not fall within the purview of Title VII.  Title VII prohibits employers from discriminating against individuals due to their race, color religion, sex, or national origin.  See 42 U.S.C. § 2000e-2.  Although plaintiff does not explicitly mention the Americans with Disabilities Act ("ADA"), it is noted that the ADA also does not apply.  The ADA provides that "no covered entity shall discriminate

---

[3] Should the District Judge permit plaintiff the opportunity to file an amended complaint, plaintiff is advised that, if he then chooses to file an amended complaint, any amended complaint he may file will supercede and replace entirely the original complaint he filed in this action.  Therefore, the amended complaint must include all the facts and claims he wishes the Court to consider, including any claims that from the original complaint that were permitted to proceed, as well as any relevant exhibits the undersigned wishes the Court to consider.

against a qualified individual with a disability because of the disability." Id.  Although "covered entity" includes employers, the statute explicitly excludes the United States from its definition of "covered employer."  42 U.S.C. § 2111(5)(B)(i).  As plaintiff seeks to sue his former employer, an agency of the federal government, plaintiff's claim, to the extent it may be read as attempting to assert a claim under the ADA, must also be dismissed.

Plaintiff may, however, seek to bring a claim for disability discrimination under section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 790-794a (1996), which "also prohibits discrimination against the disabled in the employment context and does apply to federal agencies." Kerner v. Johnson, 900 F. Supp. 677, 681 (S.D.N.Y. 1995) (29 U.S.C. § 794(a).  The Rehabilitation Act of 1973, 29 U.S.C. § 794, provides, in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 706(8) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . .

29 U.S.C. § 794(a).  It is recommended that, in light of special solicitude to be accorded to pro se plaintiffs, plaintiff's claim for discrimination in employment on the basis of his disability be interpreted as if it were properly brought under the Rehabilitation Act.

### IV.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

6

**ORDERED**, that actions 1:17-CV-1251 and 1:17-CV-1252 be **CONSOLIDATED,** with the lead case being Royal v. Shulkin, 1:17-CV-1251, and it is

**ORDERED**, that any future papers in the above cases be filed under 1:17-CV-1251, and it is further

**ORDERED**, that 1:17-CV-1252 be **REASSIGNED** to Chief U.S. District Judge Glenn T. Suddaby; and it is further

**ORDERED**, that plaintiff's motions to proceed IFP (Dkt. No. 1, 1:17-CV-1251; Dkt. No. 2, 1:17-CV-1252) be **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's claim under the Age Discrimination in Employment Act be **DISMISSED without prejudice**, and it is noted that if the District Judge permits plaintiff to file an amended complaint, the amended complaint will supercede and replace the complaints filed in these actions completely; thus, any amended complaint must include all facts, claims, and documents the plaintiff wishes for the Court to consider; and it is further

**RECOMMENDED**, that plaintiff's Title VII race discrimination claim be permitted to proceed, and that plaintiff's disability discrimination claim be interpreted as if brought pursuant to the Rehabilitation Act and also be permitted to proceed; and it is

**ORDERED**, that service of the complaint and summonses be held in abeyance until plaintiff either submits an amended complaint or, if applicable, the time the District Judge provides for plaintiff to submit an amended complaint expires; and it is further

**ORDERED**, that if the District Judge, after his review of this Report-Recommendation and Order, permits plaintiff to file an amended complaint, and plaintiff

7

files an amended complaint, the Clerk of the Court return this case to the Magistrate Judge for review of the sufficiency of the amended complaint and for service; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: January 5, 2018
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge